UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

O

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00125-DOC (MLGx)                     Date: July 1, 2013

Title: GEOFFREY L. MCCABE, ET AL. V. FLOYD D. ROSE, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                        None Present

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR AN EVIDENTIARY HEARING

    Before the Court are two items: (1) a Motion to Dismiss (Dkt. 15) filed by Defendants Floyd Rose ("Rose"), Floyd Rose Marketing, Inc. ("FRM"), and AP Global Enterprises, Inc. ("APG") (together, "Defendants"); and (2) a Motion for an Evidentiary Hearing (Dkt. 27) filed by Plaintiffs Geoffrey McCabe ("McCabe") and Kahler International, Inc. ("KI") (together, "Plaintiffs"). After reviewing all filings, the Court hereby GRANTS Defendants' motion and DISMISSES Plaintiffs' claims against Defendants. The Court DENIES Plaintiffs' Motion for an Evidentiary Hearing.[1]

    **I.    Background**

    The facts alleged by Plaintiffs are as follows:

    McCabe is an inventor and patent-holder of fulcrum tremolos[2] and global tuners on fulcrum tremolos. Compl. (Dkt. 1) ¶ 3. KI manufactures tremolos. *Id*. ¶ 5. Defendants commercialize competing tremolo devices. *Id*. ¶ 6. Since the early 1980s, Defendants have garnered significant royalties under several U.S. patents on their "Original Floyd Rose Tremolo" and other tremolos. *Id*. These patents have since expired, *id*., but Defendants maintain that Rose

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; L. R. 7-15.

[2] A tremolo device is typically attached to the bridge or tailpiece of an electric guitar. Generally, it includes a lever arm which guitarists use to vary the tension and length of all strings temporarily, thereby changing the pitch of all of the strings. Compl. ¶ 2.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-00125-DOC (MLGx)            Date: July 1, 2013
           Page 2

---

owns trade dress rights to the appearance of the "whale tail" shape of certain tremolo bridges. *Id.* ¶ 7. Competitors cannot manufacture tremolos with the "whale tail" shape without paying royalties. *Id.* Plaintiffs believe that Rose licenses the trade dress rights to APG and FRM. *Id.* Plaintiffs believe that Defendants have never sought federal registration of these trade dress rights. *Id.* ¶ 22.

       In 1986, Kramer Music Products, Inc. ("Kramer"), Rose's exclusive licensee at the time, brought patent infringement claims against American Precision Metal Works, Inc. ("APMW"), predecessor of KI and owned by Gary Kahler ("Kahler"). *Id.* ¶ 23. The case settled in 1987, creating a business relationship between Rose and APMW in which APMW manufactured tremolos for Rose, Kramer, and their customers. *Id.* The settlement also granted AMPW a license to certain Rose patents. *Id.* In 1989, Kramer declared bankruptcy. *Id.* ¶ 28. Kramer defaulted on its purchase obligations to APMW, resulting in APMW's failure to satisfy licensing payments to Rose. *Id.* Rose sued APMW in 1992, resulting in APMW's exit from the tremolo market. *Id.* Kahler re-entered the tremolo market in 2005 as KI. *Id.* ¶ 29. During the annual National Association of Music Merchants ("NAMM") tradeshow in 2004, Andrew Papiccio ("Papiccio") — owner and president of APG, executive at FRM, and business partner of Rose — told Kahler that he was not permitted to manufacture a fulcrum tremolo with a "whale tail" shape without paying royalties to Rose. *Id.* ¶ 7.

       Plaintiffs wish to expand their product line to include fulcrum tremolos. *Id.* ¶¶ 29-30. Plaintiffs' "Springblade" line of fulcrum tremolos and KI-branded "Steeler" and "Spyder" tremolos include a "whale tail" shape. *Id.* ¶¶ 8, 30-33. Plaintiffs fear enforcement of Rose's trade dress rights. *Id.* ¶ 8. Plaintiffs seek declaratory relief concerning their right to develop and sell such products. *Id.*

       **II.**      **Legal Standard**

       A federal court only has jurisdiction to award declaratory relief where there exists an actual controversy. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) (citing *Wickland Oil Terminals v. ASARCO, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986)). The Ninth Circuit has established that this requirement mirrors Article III's constitutional case or controversy requirement. *Societe de Conditionnement en Aluminum v. Hunter's Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981). While the Supreme Court has never fashioned a concrete test for determining whether a suit for a declaratory judgment raises an actual controversy, it has explained that there must exist "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510 (1941). Ultimately, "[t]he difference between definite, concrete and substantial controversies which are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00125-DOC (MLGx)            Date: July 1, 2013
                                                                 Page 3

---

justiciable, and hypothetical, abstract, or academic ones which are not justiciable, is one of degree, to be determined on a case by case basis." *Muller v. Olin Mathieson Chem. Corp.*, 404 F.2d 501, 504 (2d Cir. 1968); *see also Maryland Cas.*, 312 U.S. at 273 (question "is necessarily one of degree").

      Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

      In evaluating a Rule 12(b)(1) motion, the question of whether the court must accept the complaint's allegations as true turns on whether the challenge is facial or factual. A facial attack is one in which subject matter jurisdiction is challenged solely on the allegations in the complaint, attached documents, and judicially noticed facts. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, the court is required to accept as true all factual allegations set forth in the complaint. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

      In contrast, a factual attack (or a "speaking motion") is one in which subject matter jurisdiction is challenged as a matter of fact, and the challenger "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In assessing the validity of a factual attack, the court is not required to presume the truth of the plaintiff's factual allegations. *Id.* Rather, the court evaluates the allegations by reviewing evidence outside of the pleadings. *Id.*

     **III.**     **Discussion**

         **a. 12(b)(1)**

      Defendants move to dismiss Plaintiff's Complaint against them on the grounds that this Court lacks subject matter jurisdiction. The Court agrees.[3]

---

[3] Because the Court holds that subject matter jurisdiction is lacking, the Court does not rule on the 12(b)(6) motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00125-DOC (MLGx)            Date: July 1, 2013
                                                                                                         Page 4

       Plaintiffs' sole cause of action is brought pursuant to 28 U.S.C. § 2201(a) ("The Declaratory Judgment Act"), which states: "In a case of *actual controversy* within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added). To satisfy the "actual controversy" requirement, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and "real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). The controversy must be substantial and "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*.

       Without direct action by the patentee, "the existence of a patent is not sufficient to establish declaratory judgment jurisdiction. The mere existence of a potentially adverse patent does not cause an injury nor create an imminent risk of injury." *Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008) (citations omitted). "A case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants* — an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Id*. at 1339 (emphasis in original).

       *Prasco* is analogous to this case. In that case, the plaintiff, a generic drug manufacturer, sought a declaration that its generic drug did not violate the patents of the defendant, a brand name drug manufacturer. *Id*. at 1333. The court held that the "actual controversy" requirement was not met. *Id*. The plaintiff argued that the "paralyzing uncertainty" and fear that the defendant would bring an infringement suit against it constituted an actual controversy. *Id*. at 1338. The court found this insufficient to meet the *MedImmune* standard. *Id*. The court emphasized that the defendants had not accused the plaintiff of infringement, established a concrete position adverse to the plaintiff's, or taken any actions to imply such claims. *Id*. at 1340. The court found the defendant's past history of enforcing its patent right equally unpersuasive. "One prior suit concerning different products covered by unrelated patents is not the type of prior conduct that makes reasonable an assumption that [the defendant] will also take action against [the plaintiff] regarding its new product." *Id*. at 1341.

       The court in *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.* came to the same conclusion regarding a history of patent enforcement. 599 F.3d 1377, 1382 (Fed. Cir. 2010). In that case, the plaintiffs — former employees of the defendant — sought a declaration that their new medical device did not infringe upon the defendant's patents. *Id*. at 1379. The court held

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00125-DOC (MLGx)             Date: July 1, 2013
                                                                                                Page 5

that there was no actual controversy. *Id*, at 1385. The defendant had not accused the plaintiff of infringement and none of the plaintiff's products had even been sold. *Id.* at 1380. The mere existence of potentially adverse interests was insufficient to establish an actual controversy. *Id*. at 1382. The defendant's history of patent enforcement did not sway the court. *Id* The court emphasized that a prior history of litigation against others and a general propensity to enforce patent rights is insufficient to establish an actual controversy, without action directed at the plaintiff. *Id*. The court distinguished the case from *Micron Tech, Inc. v. Mosaid Techs, Inc.*, 518 F.3d 897 (Fed. Cir. 2008), where the patentee had not only litigated the patents against others, but also had sent several threatening letters to the declaratory plaintiff. *Id*.

       Not all threats of an infringement suit automatically give rise to an actual controversy. In *Indium Corp. of America v. Semi-Alloys, Inc.*, the court emphasized that prior patent litigation initiated in 1975 was too remote to make the plaintiff's fear of further litigation in 1982 reasonable. 781 F.2d 879, 883 (Fed. Cir. 1985). The court in *Nokia Corp. v. Interdigital Communications* came to a similar conclusion. No.Civ.A.05-16-JJF, 2005 WL 3525696 (D. Del. Dec. 21, 2005). "In the past twelve years, Defendants have brought only three actions to defend their patents. The fact that two of them were brought in 1993, against two other parties unconnected with Plaintiffs, is too remote to make Plaintiffs' apprehension of further litigation in 2005 reasonable." *Id*. at *3. The court continued with language most relevant to this case: "Even if Defendants have claimed for ten years that Plaintiffs are infringing their patents, Plaintiffs' reasonableness is belied by the fact that not once in those ten years have Defendants sued Plaintiffs." *Id*.

       Similar reasoning applies to this case. Plaintiffs contend that an actual controversy exists between the parties regarding whether Plaintiffs' manufacture and sale of Plaintiffs' "Springblade" line of tremolos, Kahler branded "Steeler" and "Spyder" tremolos, and a near replica "Floyd Rose Original" tremolo infringe on Defendants' trade dress rights. Compl. ¶ 42. Plaintiffs claim that this controversy exists because they are faced with the choice of abandoning their rights to manufacture and sell these tremolos or risk liability. *Id*. In support, Plaintiffs point to Defendants' past history of patent enforcement and comments made by Papiccio in 2004. While APMW[4] was sued twice for patent infringement,[5] this past history of patent enforcement is unpersuasive without direct action against Plaintiffs. *See, e.g.*, *Innovative Therapies, Inc.*, 599 F.3d at 1382; *Prasco, LLC v.*, 537 F.3d at 1341; *Indium Corp. of America*, 781 F.2d at 883. Furthermore, the fact that the prior claims ended twenty-six and nineteen years ago, respectively, undermines the purported reasonableness and imminence of the controversy. *See Indium Corp. of America*, 781 F.2d at 883; *see also Nokia Corp.*, 2005 WL 352596, at *3.

---

[4] APMW exited the tremolo market in 1992 and is not a party to this suit.

[5] In 1986, Kramer, Rose's exclusive licensee at the time, sued the company. Rose subsequently brought a second suit which ended in 1994.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00125-DOC (MLGx)            Date: July 1, 2013
                                                                                  Page 6

---

      This latter reasoning applies equally to Papiccio's alleged comments to Kahler in 2004 that Kahler was not permitted to commercialize a fulcrum tremolo with a "whale tail" shape without paying royalties to Defendants. In *Indium Corp. of America*, a threat seven years prior to the lawsuit was insufficient to establish the reasonableness and immediacy of the controversy. 781 F.2d at 883. The same is true here. As in *Nokia Corp.*, it is relevant that Defendants have never sued Plaintiffs, and have not followed up on Papiccio's alleged comments in the intervening seven years. *See* 2005 WL 352596, at *3. Defendants have never accused Plaintiffs of patent infringement. Defendants have not taken a concrete position adverse to Plaintiffs. Plaintiffs have not sold a single tremolo device yet. It is unclear if Defendants have even seen or inspected Plaintiff's product yet. Therefore, there is no actual controversy as required by the Declaratory Judgment Act. Plaintiffs' claims are DISMISSED for lack of subject matter jurisdiction.

### b. Motion for an Evidentiary Hearing

      "Discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). However, a court may deny a motion for an evidentiary hearing when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id*.

      On June 17, 2013, Plaintiffs filed a Motion for an Evidentiary Hearing (Dkt. 27), arguing that there are disputed facts as to this Court's subject matter jurisdiction that require an evidentiary hearing. Motion for an Evidentiary Hearing ("Pl's Mot.") at 1. Plaintiffs identify Papiccio's 2004 comments and the credibility of Rose and Papiccio as examples of relevant disputed facts. *Id*. Additionally, Plaintiffs present new evidence of March 2013 settlement discussions in which Defendants allegedly reviewed four prototypes of Plaintiffs' tremolos and subsequently stated that they "will not sign off" on Plaintiffs' commercialization of an Original Floyd Rose tremolo variant. *Id*. at 3. Defendants allegedly indicated that they would be willing to "sign off" on the remaining three prototypes given certain manufacturing restrictions, which Plaintiffs find commercially impracticable. *Id*.

      The disputed facts cited by Plaintiffs are irrelevant. Defendants do not question the truth of allegations that would otherwise invoke federal jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039. Defendants do not require the Court to review evidence outside of the pleadings. *Id*. Therefore, Defendants' challenge to subject matter jurisdiction is a facial attack. *See id.*; *Warren*, 328 F.3d at 1139. In a facial attack, the facts are viewed in the light most favorable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00125-DOC (MLGx)            Date: July 1, 2013
                                                                                         Page 7

Plaintiffs. *Whisnant*, 400 F.3d at 1179. Since the 12(b)(1) analysis took Plaintiffs' facts as given, the alleged dispute as to Papiccio's comments and Rose and Papiccio's credibility is immaterial to the Court's determination that subject matter jurisdiction is lacking.

       The March 2013 settlement discussions do not sway the Court, either. The existence of a justiciable controversy is determined at the time of the filing of the complaint. *See Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since."); *see also GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) ([L]ater events may not create jurisdiction where none existed at the time of filing."). Plaintiffs filed their First Amended Complaint on March 14, 2013. (Dkt. 9). Plaintiffs allege that Defendants stated that they "will not sign off" on the commercialization of the Original Floyd Rose tremolo variant on March 21, 2013. Pl's Mot. at 3. Therefore, this subsequent event is not relevant to the existence of an actual case or controversy.

       Even if the Court were to consider the settlement discussions, they would be unpersuasive. In *Prasco*, the defendant failed to sign a covenant not to sue the plaintiff after the plaintiff sent samples of their product to the defendant to review for potential patent infringement. 537 F.3d at 1341. Despite this fact, the court held that there was no actual case or controversy. *Id*. at 1341-42. "A patentee has no obligation to spend the time and money…to make a definitive determination, at the time and place of the competitors' choosing, that it will never bring an infringement suit." *Id*. at 1341. The court held that the defendant's refusal to assure the plaintiff that its product could be commercialized without fear of liability did not make an infringement action imminent. *Id*. Without other evidence of an actual controversy, failure to give positive assurances is insufficient. *See id*.

       The present case is analogous. Taking Plaintiffs' allegations as true, Defendants refused to "sign off" on the commercialization of Plaintiffs' Original Floyd Rose tremolo variant and indicated that they would allow the commercialization of the other three prototypes only with certain manufacturing restrictions. Pl's Mot. at 3. As in *Prasco*, Defendants' failure to give Plaintiffs a positive assurance that they will not bring an infringement action does not amount to an actual case or controversy under Article III. As indicated by the seven year hiatus between Papiccio's alleged comments and this action, Defendants' failure to "sign off" on Plaintiffs' products does not prove imminence or reasonableness. *See Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d at 883; *see also Nokia Corp.*, 2005 WL 3525696, at *3. The events emphasized in Plaintiffs' Motion for an Evidentiary Hearing do nothing to change the 12(b)(1) analysis above. Therefore, Plaintiffs' motion is DENIED.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-00125-DOC (MLGx)          Date: July 1, 2013
                                                                                    Page 8

**IV.     Disposition**

For the foregoing reasons, the Court GRANTS Defendants' motion and DISMISSES Plaintiffs' claims for lack of jurisdiction. The Court DENIES Plaintiffs' Motion for an Evidentiary Hearing.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                       Initials of Deputy Clerk: jcb